UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOBILIZATION FUNDING, LLC, a South Carolina limited liability company, | Case No. 2:18-cv-01412-RAJ |
| Plaintiff, | **ORDER GRANTING MOTION TO WITHDRAW** |
| v. | |
| HALVORSON CONSTRUCTION GROUP, LLC; a Washington limited liability company; and CEC ELECTRICAL CONTRACTING, LLC, a Washington limited liability company, | |
| Defendants. | |
| HALVORSON CONSTRUCTION GROUP, LLC; a Washington limited liability company, | |
| Third Party Plaintiff, | |
| v. | |
| JOHN and JANE DOE CHASE, individually and the marital community comprised thereof, | |
| Third Party Defendants. | |

1    This matter is before the Court on counsel for Defendant Halvorson Construction

2    Group, LLC's ("Halvorson") motion to withdraw.  Dkt. # 28.  Plaintiff Mobilization

3    Funding ("Plaintiff") opposes the motion.  Dkt. # 32.

4    On August 19, 2019, HCG petitioned King County Superior Court for the

5    appointment of a general receiver.  The petition was granted and on August 20, 2019, the

6    King County Superior Court entered an order appointing a Receiver for Halvorson.  Dkt.

7    # 26-1.  Halvorson subsequently assigned all of its assets to the Receiver.  Dkt. # 26-1.

8    Counsel for Halvorson, Garth A. Schlemlein, Brian K. Keeley, and the law firm of

9    Schlemlein Fick & Scruggs PLLC ("Counsel") now moves to withdraw as counsel in this

10   matter under Local Rule 83.2(b)(1).  Dkt. # 28.

11   Counsel argues that good cause exists to allow withdrawal because, due to the

12   appointment of a Receiver, Halvorson has undergone a change in who effectively

13   controls and directs its decisions.  Dkt. # 28 at 3.  Counsel attempted to obtain clarity

14   from the Receiver regarding Counsel's continued participation in the case but was told

15   that the Receiver had "not decided whether the Receiver [would] participate in this case

16   or, if so, who [would] act as its counsel in that regard."  Dkt. # 28 at 1.

17   Counsel served copies of this motion on counsel for Plaintiff and the Receiver.  Dkt.

18   # 28 at 4.  Counsel also advised Halvorson and the Receiver that as a corporate entity,

19   Halvorson may not participate in this case without counsel and failure to obtain counsel

20   may result in a default judgment or dismissal.  Dkt. # 28 at 4.  Plaintiff objects, arguing

21   that withdrawal would prejudice Plaintiff because it would leave Halvorson

22   unrepresented and unable to respond to discovery requests and "keep [the] case moving."

23   Dkt. # 32 at 3.

24   The Court finds that movants have shown good cause for leave to withdraw.

25   However, the court notes no substitute counsel has appeared in this matter for Halvorson.

26   "[A] corporation may appear in the federal courts only through licensed counsel."

*Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993).  Accordingly, the Court will give Halvorson the opportunity to obtain substitute counsel.  The Court hereby ORDERS:

1. Halvorson shall have new counsel enter an appearance on its behalf **on or before March 20, 2020.**  If Halvorson fails to have substitute counsel enter an appearance by March 20, 2020, the Court may strike the answer and claims of Halvorson and enter default.

2. Counsel's motion to withdraw is **GRANTED** pending appearance of new counsel for Halvorson. Dkt. # 28.  Moving counsel may withdraw only upon appearance of new counsel for Halvorson, or after March 20, 2020, whichever occurs first.

3. Moving counsel shall immediately serve a copy of this Order on Halvorson and the Receiver and file a certificate of service with the Court.

DATED this 6th day of March, 2020.


_____

The Honorable Richard A. Jones
United States District Judge

ORDER - 3